IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
           **Plaintiff,**        CASE NO.:  21-CR-20060

      Vs.

**KAABA MAJEED,**
           **Defendant,**

## MOTION FOR SEVERANCE

The defendant, Kaaba Majeed, moves the Court pursuant to Federal Rule of Criminal Procedure 14 for relief from prejudicial joinder of his co-defendants. Mr. Majeed respectfully request the Court sever his case from that of his co-defendants.

**A. Nature of the Case**

All defendants are charged in count one with conspiracy to commit forced labor under 18 U.SC. § 371, the defendants are also charged in count two through eight of a violation of the force labor statute for the dates between October 28, 2000 and November 30, 2012.

The Government's allegations are that the defendants presently joined all agreed and conspired to commit and did commit acts of forced labor in violation of 19 U.S.C. §1589. All defendants were members of the United Nation of Islam. However, all defendants had completely different roles as members of the organization. The United Nation of Islam was an organization that was founded by Royall Jenkins, contrary to the teachings of the Islamic faith, Jenkins

represented that he, himself was Allah, or God. Jenkins began recruiting members to the Nation and moved the organization's headquarters in the late 1990's to Kansas City, Kansas. A number of the co-defendants in the case are direct relatives of Royall Jenkins and worked on behalf of Jenkins to further the organization's beliefs. These co-defendants at times financially benefited from their roles in the organization. Contrary to those members the defendant Kaaba Majeed who was a member of the organization discovered after being placed on the board of directors of the Nation that the organization's labor practices may have been violative of federal law. Therefore, he along with co-defendant Yunus Rassoul and Randolph Rodney Hadley who were also members of the board of directors wanted to disband the corporate entity known as the United Nation of Islam in early 2012. The organization was disbanded at that time and the defendant left the organization.

      The Government has alleged in the discovery that the illegal practices of all defendants occurred between the time frame of October 28, 2000 and November 30, 2012. However, in the indictment the Government is alleging that all defendants engaged in illegal activity between the dates of October 20, 2011. It is defendant Majeed's position that he had, if a conspiracy existed, withdrawn from any conspiracy very shortly and in the beginning of 2012. Less, unlike most of the other co-defendant's, Mr. Majeed was not a participant of any organization associated with the Jenkins clan during most of the timeframe alleged in the conspiracy. Therefore, he should be entitled to severance from his co-defendants.

**B. Arguments in Favor of Severance**

Rule 14 of the Federal Rules of Criminal Procedure intitled relief from prejudicial joinder provides that if the joinder of offenses or defendants in an indictment for trial appears to prejudice the defendant the Court may order separate trials and sever defendant's trials or provide any other relief that justice requires.

In this case, Mr. Majeed is requesting severance from his co-defendants in that he is in an entirely different position as to his role in the organization. It is defendant Majeed's position that he is entitled to severance because the Government intends to present evidence of United Nation of Islam activity in which he played no role and conversely that his co-defendants who were members of the Jenkins clan by way of family were active in carrying out Jenkins' objectives. Mr. Majeed's position is that he should be severed because his defense is directly antagonistic to that of many of his co-defendants. In other words, Mr. Majeed will claim he effectively withdrew from any conspiracy and only severance would prevent prejudice to him based on the admissibility of evidence after he withdrew from the alleged conspiracy. Essentially, Mr. Majeed is arguing that a joint trial would be prejudicial to him because he would suffer from the spill over effect of evidence against his co-defendants. See Zafiro v. United States, 506 U.S. 534, 539 (1993) (noting that the prejudice may arise where evidence of a co-defendant's wrongdoing erroneously leads a jury to conclude that the defendant is guilty). "When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14

3

only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." <u>Zafiro</u>, 506 U.S. at 539.

Therefore for the foregoing reasons the defendant respectfully request that his case be severed from his co-defendants and he be granted a separate trial.

Respectfully submitted:

GARRETSON & TOTH, LLC

/s/ W. Scott Toth
105 East Park
Olathe, Kansas 66061
Telephone: (913) 948-6682
Facsimile: (913) 948-6681
scott@garretsontoth.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the U.S. District Court for the District of Kansas with notice of case activity generated and sent electronically on this the 20th day of December, 2022, to all counsel of record in this case.

/s/ W. Scott Toth
W. Scott Toth