IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KAABA MAJEED,<br>YUNUS RASSOUL, a.k.a. Yunus Rassoull,<br>JAMES STATON, a.k.a. ADAM WINTHROP,<br>RANDOLPH RODNEY HADLEY,<br>DANIEL AUBREY JENKINS,<br>DANA PEACH,<br>ETENIA KINARD, a.k.a. Etenia Kinnard, and<br>JACELYN GREENWELL,<br><br>    Defendants. | Case No. 21-20060-JAR |

## MEMORANDUM AND ORDER

The government filed an eight-count Indictment on October 20, 2021, against eight Defendants belonging to the United Nation of Islam ("UNOI") organization, alleging a claim against all Defendants for conspiracy to commit forced labor in violation of 18 U.S.C. §§ 371 and 1589, and alleging seven counts of substantive forced labor violations under 18 U.S.C. §§ 1589, 1594(a), and 2. Defendants Kaaba Majeed, Yunus Rassoul, James Staton, Randolph Rodney Hadley, Daniel Aubrey Jenkins, and Dana Peach are set for trial on August 1, 2024. Before the Court is the government's Pre-Hearing Memorandum and Proffer Pursuant to Rule 801(d)(2)(E) (Doc. 249), which sets forth a summary of evidence it intends to present in support of admitting coconspirator testimony under the Rule. For the reasons discussed below, the Court declines to make predicate findings based on the government's proffer alone, and sets this matter for a full *James* hearing.

**I.     Background**

At a pretrial motions hearing on June 26, 2023, the Court granted Defendant Rassoul's Motion for *James* Hearing, which was joined by all Defendants.[1] The Court indicated it would hold a *James* hearing at the same time as the hearing on motions in limine. The government filed its proffer, and provided the Court with a DVR containing its e-mail exhibits that include coconspirator statements. At the February 2, 2024 hearing on the parties' motions in limine, the Court continued the trial date from March 4, 2024 to August 1, 2024. After hearing extensive argument on the motions in limine, the government offered to call the case agent to testify in accordance with its submitted proffer. The Court allowed the Government instead to rest on its written proffer, and Defendants offered limited argument.

**II.    Standard**

Hearsay is "a statement that: (1) a declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[2] Hearsay is generally inadmissible,[3] but exclusions and exceptions may apply.[4]

A statement is admissible non-hearsay if it is "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy."[5] In order to admit out-of-court statements under this exclusion from the hearsay rule, the Court "must find by a preponderance of the evidence that (1) a conspiracy existed, (2) the declarant and defendant

---

[1] Doc. 156.

[2] Fed. R. Evid. 801(c).

[3] Fed. R. Evid. 802.

[4] Fed. R. Evid. 802(d), 803, 804, 807.

[5] Fed. R. Evid. 801(d)(2)(E). The government asserts in its brief that some of the coconspirator statements it intends to offer can be admitted on other nonhearsay grounds because they are either not offered for the truth of the matter asserted, or are statements of a party opponent. The Court does not address those hearsay exclusions pretrial. Admission on these grounds should be raised contemporaneously.

were both members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy."[6] The government, as the offering party, bears the burden of proving these predicate findings.[7] The Tenth Circuit has held that under the Supreme Court's decision in *Bourjaily v. United States*[8] "there [must] be some independent evidence linking the defendant to the conspiracy," but it "need not be 'substantial.'"[9] "Testimony of a government agent regarding his interactions or conversations with coconspirators is adequate independent evidence."[10] And "a co-conspirator's testimony regarding her 'direct observations and contacts with defendant' qualifies as independent evidence."[11]

In the Tenth Circuit, "a district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'"[12] While a *James* hearing is not required, the Tenth Circuit has expressed a "strong preference for *James* proceedings."[13]

---

[6] *United States v. Rutland*, 705 F.3d 1238, 1248 (10th Cir. 2013) (citing *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994)).

[7] *United States v. Perez*, 989 F.2d 1574, 1577 (10th Cir. 1993) (en banc) (citation omitted).

[8] 483 U.S. 171, 180 (1987).

[9] *United States v. Alcorta*, 853 F.3d 1123, 1142 (10th Cir. 2017) (citing *United States v. Owens*, 70 F.3d 1118, 1124–25 (10th Cir. 1995)).

[10] *United States v. Stein*, 985 F.3d 1254, 1269 (10th Cir. 2021) (citing *Owens*, 70 F.3d at 1125).

[11] *United States v. DaVita Inc.*, 592 F. Supp. 3d 970, 980 (D. Colo. 2022) (first citing *United States v. Hernandez*, 829 F.2d 988, 995 (10th Cir. 1987); and then citing *United States v. Doran*, 882 F.2d 1511, 1526 (10th Cir. 1989)).

[12] *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting *Owens*, 70 F.3d at 1123); *see generally United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc) (setting forth *James* hearing procedure for determining whether the court should admit coconspirator statements as nonhearsay under Rule 801(d)(2)(E)).

[13] *Townley*, 472 F.3d 1273 (quoting *United States v. Gonzalez–Montoya*, 161 F.3d 643, 648 (10th Cir. 1998)) (further citations omitted).

## III. Discussion

In their motion for a pretrial *James* hearing, Defendants asked the Court to make predicate findings on coconspirator statement admissibility in order to avoid litigating the existence of a conspiracy in the middle of trial. The government did not oppose a *James* hearing, and represented to the Court that the case agent would not necessarily be its first witness at trial, so the Court cannot make predicate findings at trial before the government offers coconspirator statements. Prior to the February 2 hearing, the government filed a proffer, summarizing the evidence it would rely on to meet its burden on the predicate findings required under Rule 801(d)(2)(E). The government did not attach evidence to this proffer, although it did provide the Court with the emails it intends to offer under this hearsay exception. The Court addresses each predicate finding below.

### A. Forced Labor Conspiracy

The government must first show by a preponderance of the evidence that a forced labor conspiracy existed.

> To prove a conspiracy existed, the district court must find by a preponderance of the evidence that (1) there was an agreement to violate the law, (2) the declarant knew the essential objectives of the conspiracy, (3) the declarant knowingly and voluntarily took part in the conspiracy, and (4) the coconspirators were interdependent.[14]

The Indictment alleges that from at least October 28, 2000, continuing through November 30, 2012, Defendants, acting in various capacities, engaged in a conspiracy in which they procured the unpaid labor of children for UNOI. Defendants held leadership roles and assisted the founder of UNOI, Royall Jenkins, with managing UNOI. UNOI enticed parents to send their

---

[14] *United States v. Rutland*, 705 F.3d 1238, 1249 (10th Cir. 2013) (citing *United States v. Ailsworth*, 138 F.3d 843, 850–51 (10th Cir. 1998)).

children to Kansas City, Kansas, with promises of education and opportunity, but instead the children were forced to work extended hours without pay and received no legitimate education. Defendants helped enforce UNOI's strict rules—meals were limited, communications with families and non-members were controlled, minor victims were not allowed to seek outside medical attention, and minor victims were required to work long hours at UNOI businesses, sometimes sixteen-hour days. There were consequences for children who did not comply with the rules, including psychological and physical abuse, withholding food, silence, and extra "duty" (i.e., work). The Indictment alleges that Defendants directed and controlled the whereabouts and unpaid labor of dozens of minor victims, separated them from their families, and subjected them to forced fasting and physical abuse.

If the government presents evidence that supports these allegations, the Court agrees that the government would prove by a preponderance of the evidence that a forced labor conspiracy existed. However, on further review, the Court determines that it is unable to make this predicate finding without a hearing that includes independent evidence supporting the elements of the conspiracy.

### B. Membership in the Conspiracy

For each statement, the government must show by a preponderance of the evidence that the declarant and the defendant were both members of the conspiracy.[15] "A person is a member of a conspiracy if he was aware of the common purpose, willingly participated in the conspiracy,

---

[15] *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017) (citation omitted).

and intended to advance the purpose of the conspiracy."[16] A person need not be formally charged to be a member of a conspiracy for purposes of this analysis.[17]

In its brief, the government provides a nonexhaustive list of 30 charged and uncharged coconspirators whose statements it expects may be referenced at trial.[18] The government provides a description of each coconspirator's role in the conspiracy. If the government offers evidence to support these representations at trial, it will establish by a preponderance of the evidence that each identified individual was a member of the conspiracy.

### C. Whether Statements were Made in the Course of and in Furtherance of the Conspiracy

Other than the e-mails, the Court does not have before it the statements that the government seeks to admit under the coconspirator exclusion. Instead, the government identifies in its brief several broad categories of statements. As the Tenth Circuit has explained:

> Of central importance here is the in-furtherance requirement of the Federal Rules of Evidence, which "embodies the drafters' desire to strike a balance between the great need for conspirators' statements in combating undesirable criminal activity which is inherently secretive and difficult of proof, and the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence." A wide array of statements can fit this requirement, including those made "to induce enlistment or further participation in the group's activities; . . . to prompt further action on the part of conspirators; . . . to reassure members of a conspiracy's continued existence; . . . to allay a co-conspirator's fears; and . . . to keep co-conspirators abreast of an ongoing conspiracy's activities."[19]

---

[16] *Rutland*, 705 F.3d at 1251 (citing *United States v. Suntar Roofing*, 897 F.2d 469, 474–75 (10th Cir. 1990)).

[17] *United States v. Durland*, 575 F.2d 1306, 1309–10 (10th Cir. 1978).

[18] The government requests leave to identify additional coconspirators if new information comes to light during pretrial preparation. The Court grants this request and directs the government to notify Defendants of any additional coconspirators by July 1, 2024.

[19] *Alcorta*, 853 F.3d at 1137 (quoting *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993)).

The government asserts that the anticipated coconspirator statements fall into four broad categories: (1) statements made to execute or transact the business of the conspiracy;[20] (2) statements relating to UNOI recruitment and retention of current members;[21] (3) statements made to keep coconspirators abreast of the ongoing conspiracy's activities;[22] and (4) statements made to conceal the criminal objectives of the conspiracy.[23]

These categories of statements are of the kind the Tenth Circuit describes as made in the course of and in furtherance of the conspiracy, assuming the government proves the existence of the conspiracy and that the statements were made by a member of the conspiracy. Defendants have offered no objection as to any of these categories of statements. The Court will make a final predicate finding after a *James* hearing, and after hearing more specific argument from Defendants.

Many of the Defendants intend to assert a defense in this case that they withdrew from the conspiracy before the statute of limitations began to run. They argued at the February 2 hearing that these withdrawal defenses complicate the admission of coconspirator statements because if a statement is admitted during the government's case-in-chief, and a Defendant later establishes withdrawal from the conspiracy before the statement was made, it could be grounds for a mistrial. At the *James* hearing, the parties shall be prepared to discuss this issue in greater detail, and propose a limiting instruction(s) for the jury.

---

[20] The government claims that statements on the following subjects fall into this broad category: (1) psychological manipulation or verbal abuse; (2) subordinating or exerting control; (3) threats of consequences; (4) isolation; (5) punishment; (6) children's work assignments; and (7) the business of the conspiracy.

[21] The government provides the examples of false promises and lulling.

[22] The government provides the examples of agendas, meetings, and dissemination of information.

[23] The government provides the examples of encouraging children to say they are fine if their parents inquire, or asking them to lie about their age.

In sum, despite the extensive nature of the government's proffer, on further review the Court determines it is unable to make the necessary predicate findings on admission of coconspirator statements without independent evidence. Therefore, the Court reserves ruling as to the admissibility of the government's highly summarized coconspirator statements, and sets this matter for a full *James* hearing on July 22, 2024, in conjunction with the previously-set Pretrial Conference. The parties may file post-hearing briefs by July 26, 2024, that shall not exceed fifteen (15) pages in length.

**IT IS THEREFORE ORDERED BY THE COURT** that the admissibility of the government's coconspirator statements shall be decided after a full *James* hearing on July 22, 2024, at 9:00 a.m.. The parties may file post-hearing briefs by July 26, 2024, which shall not exceed fifteen (15) pages in length.

**IT IS FURTHER ORDERED** that the government shall provide notice to Defendants of any additional coconspirators it may identify during pretrial preparation by July 1, 2024.

**IT IS SO ORDERED.**

Dated: March 6, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
