IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     **Plaintiff,** | |
|     v. | Case No. 21-20060-JAR |
| KAABA MAJEED,<br>YUNUS RASSOUL, a.k.a. Yunus Rassoull,<br>JAMES STATON, a.k.a. Adam Winthrop,<br>RANDOLPH RODNEY HADLEY,<br>DANIEL AUBREY JENKINS,<br>DANA PEACH,<br>ETENIA KINARD, a.k.a. Etenia Kinnard, and<br>JACELYN GREENWELL, | |
|     **Defendants.** | |

## MEMORANDUM AND ORDER

Trial in this matter is set for August 1, 2024. Defendants Daniel Aubrey Jenkins, Yunus Rassoul, James Staton, and Dana Peach timely filed Proposed Voir Dire Questions with the Court.[1] Defendants Kaaba Majeed and Randolph Rodney Hadley joined in Defendant Rassoul's filing.[2] Before the Court are the Government's Objections to Defendants' Proposed Voir Dire (Doc. 354). As described more fully below, the government's objections are overruled in part and sustained in part.

Under Fed. R. Crim. P. 24(a), if the Court examines jurors, it must allow the attorneys to ask further questions it considers proper. In this case, the Court intends to examine the potential jurors by asking general questions about their background,[3] prior jury service, experience as a

---

[1] Docs. 336, 340, 342, 344.

[2] Docs. 343, 345, 347.

[3] The Court will not ask the jurors for their personal addresses, and to the extent Defendant Rassoul intends to ask questions about their home addresses (beyond the city or county of residence), that request is denied.

party or a witness in a civil or criminal case, association with and opinions of law enforcement, knowledge of this case, military service, and ability to follow the Court's instructions. The Court will then allow the parties' attorneys to conduct their own follow-up voir dire.

To the extent the government objects to Defendants submitting proposed voir dire topics, rather than specific questions to review, the Court overrules the objection. There is no requirement that the parties have all of their voir dire questions formulated verbatim in advance of trial, and the Court is able to rule generally ahead of trial about whether the proposed topics are permissible lines of inquiry. The parties may contemporaneously object to specific questions asked by counsel during voir dire.

### *Implicit Bias*

The government's first substantive objection is to several of the Defendants' requests to ask members of the venire questions about race and implicit bias. The government argues that implicit bias questions are improper and not supported by case law because the defendants and victims in this case are from the same racial group, and there are no substantial indications of racial or ethnic prejudice affecting jurors. The Court disagrees.

It is reversible error for the Court to deny a defendant's request for racial or ethnic prejudice questions during voir dire "only if 'racial issues [are] inextricably bound up with the conduct of the trial.'"[4] This usually arises in the violent crime context "with a victim of a different racial or ethnic group."[5] If there are no "'special circumstances' of constitutional dimension,"[6] then this Court must "determine if the external circumstances of the case indicate a

---

[4] *United States v. Murry*, 31 F.4th 1274, 1289 (10th Cir. 2022) (alteration in original) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981)).

[5] *Id.*

[6] *Rosales-Lopez*, 451 U.S. at 192.

reasonable possibility that racial or ethnic prejudice will influence the jury's evaluation of the evidence."[7]

While the Court stops short of finding that it would be constitutional error to deny Defendants' motion to ask the venire implicit bias questions, the Court does find that external circumstances in this case indicate a reasonable possibility that racial or ethnic prejudice will influence the jury's evaluation of the evidence. All of the Defendants in this matter are Black, and the government alleges that the teachings of their all-Black religious organization underlie the conspiracy and forced labor charges in this case. Counsel should be allowed to ask questions about any biases, known or unknown, that the potential jurors might have based on race or religion that would make them more likely to convict. Allowing counsel to ask members of the venire questions designed to uncover implicit bias will aid in eliminating the possibility that they would be influenced by racial or religious prejudice.[8] The government's implicit bias objection is therefore overruled subject to contemporaneous objection.

*Dangerous Parts of Town*

Next, the government objects to Defendant Jenkins' designated topic, "Dangerous Parts of Town." While Jenkins does not specify the questions he seeks to ask, the Court surmises from past evidence in this case that he intends to ask questions about the location of the United Nation of Islam organization in Kansas City, Kansas, and determine the potential jurors' understanding of the socioeconomic dynamics in Kansas City during the time of the alleged conspiracy in this case. The Court finds that this topic is proper, subject to contemporaneous objection.

---

[7] *Murry*, 31 F.4th at 1289 (quoting *Rosales-Lopez*, 451 U.S. at 192–93).

[8] *See, e.g.*, *United States v. Adkinson*, 916 F.3d 605, 609 (7th Cir. 2019) (denying motion to change venue due to a nearly all-white jury pool, and finding that "[t]o the extent [the defendant] subjectively worried about implicit bias, voir dire was the appropriate vehicle to address it.").

*Serious Felony Crime*

Next, the government objects to Defendant Rassoul's proposed question: "If you were sitting here accused of this serious felony crime, would you be comfortable having yourself as a juror?" The government objects to Defendant's use of the words "serious felony." The Court sustains this objection and instructs Defendants to reframe the question as: "If you were sitting here accused of this crime, would you be comfortable having yourself as a juror?"

*Children as Witnesses*

The government objects to Defendant Rassoul's proposed topic, "children as witnesses," because there will be no children testifying as witnesses in this case. The Court agrees. To the extent this topic is intended to encompass questions about the potential jurors' views on children testifying as witnesses at this trial, it is not necessary if there are no such witnesses. To the extent Defendant has some other purpose in designating this topic, he can raise this with the Court prior to voir dire on the morning of trial.

*Delayed Prosecution*

Finally, the government objects to Defendant Peach's seven proposed questions about the topic of prosecutorial delay. The Court agrees that these questions are improper. They imply that the government has done something wrong or unfair in delaying the investigation or prosecution of Defendants in this matter. To the extent there is a statute of limitations question, that is an issue that will require jury instructions and evidence for the jury to consider, but these questions imply that the government erred by failing to investigate and charge this case sooner. The government's objection is therefore sustained.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Objections to Defendants' Proposed Voir Dire (Doc. 354) are **overruled in part and sustained in part**, as described in this Order.

**IT IS SO ORDERED.**

Dated: July 23, 2024

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE